## Case No. 14,626.

### UNITED STATES v. BOTT.
### UNITED STATES v. WHITEHEAD.

[11 Blatchf. 346.] [1]

Circuit Court, S. D. New York.   Oct. 30, 1873.

POST OFFICE — OFFENCE AGAINST POSTAL LAWS — PROHIBITED ARTICLES—DEFENCE.

1. Under an indictment founded on section 148 of the act of June 8th, 1872 (17 Stat. 302), as amended by section 2 of the act of March 3d, 1873 (17 Stat. 599), which provides, that no article or thing "designed or intended for the prevention of conception or procuring of abortion," shall be carried in the mail, and declares guilty of a misdemeanor any person who knowingly deposits, for mailing or delivery, any such article or thing, the defendant cannot show, in defence, that the article deposited in the mail would not in fact, have any tendency to prevent conception or procure abortion, and that its harmless character was known to him when he deposited it, it being sufficient that the article, when deposited, was put up in a form, and described in a manner, calculated to insure its use to prevent conception or procure abortion, by any one desiring to accomplish that result, and into whose hands it might fall.

[Cited in U. S. v. Pratt, Case No. 16,082; U. S. v. Whittier, Id. 16,688; U. S. v. Males, 51 Fed. 43; U. S. v. Adams, 59 Fed. 676.]

2. Under an indictment founded on the same section, which declares it to be a misdemeanor to knowingly deposit in the mail, for mailing or delivery, any advertisement or notice giving information where or of whom any such article or thing may be obtained, if it be shown such a notice was deposited, it is immaterial whether, in fact, the article or thing was at the place designated.

[Cited in U. S. v. Pratt, Case No. 16,082; U. S. v. Grimm, 50 Fed. 530.]

[Indictments against John Bott and against John Whitehead for depositing prohibited articles in the mails. Heard on motions for new trial.]

Ambrose H. Purdy, U. S. Asst. Dist. Atty.
James D. McClelland, for Bott.
Rufus F. Andrews, for Whitehead.

BENEDICT, District Judge.   The above-named defendants were separately indicted, under section 148 of the act of June 8th, 1872 (17 Stat. 302), as amended by section 2 of the act of March 3d, 1873 (17 Stat. 599), which provides, "that no obscene. lewd, or lascivious book, pamphlet, picture, paper, print. or other publication of an indecent character, or any article or thing designed or intended for the prevention of conception or procuring of abortion, nor any article or thing intended or adapted for an indecent or immoral use or nature, nor any written or printed card, circular, book, pamphlet, advertisement or notice of any kind, giving information, directly or indirectly. where, or how, or of whom. or by what means, either of the things before mentioned may be obtained or made, * * * shall be carried in the mail; and any person who shall knowingly deposit, or cause to be deposited, for

[1] [Reported by Hon. Samuel Blatchford, District Judge, and here reprinted by permission.]

mailing or delivery, any of the hereinbefore mentioned articles or things, or any notice or paper containing any advertisement relating to the aforesaid articles or things, * * * shall be deemed guilty of a misdemeanor."

The first question which it is proposed to consider is, whether, upon an indictment charging the defendant Bott with depositing in the mail a certain powder designed and intended for the prevention of conception or procuring of abortion, he may show, as matter of defence, that the powder which he deposited in the mail would not, in fact, have any tendency to prevent conception or procure abortion, and that its harmless character was known to the defendant when he made the deposit in the mail. Upon this question my opinion is, that such facts do not constitute a defence. Congress has exclusive jurisdiction over the mails, and may prohibit the use of the mails for the transmission of any article. Any article of any description, whether harmless or not, may, therefore, be declared contraband in the mail, by act of congress, and its deposit there be made a crime. But, the protection of the mails is the limit of the power of congress over the matter in question, and the words of the statute under consideration must be construed with reference to this limitation. The prevention of abortion in the several states is not within the power which, under the constitution, belongs to the United States. That duty is upon the states. It cannot, therefore, be thought, that congress proposed, by the words, "designed or intended for the prevention of conception or procuring abortion," to make the intent to prevent conception or to procure abortion, an element of an offence against the United States. These words, consequently, should not be considered as intended to describe the intent which must be an element of the crime against the United States, but simply as descriptive of the article made contraband; and the phrase must be understood to indicate as contraband in the mail, any article or thing designed, in a manner calculated to secure its use by any one. for the purpose of preventing conception or procuring abortion. The crime against the United States relates only to matter in the mails. The unlawful act of depositing contraband matter, coupled with the intent to deposit such matter, constitutes the crime. The guilty intent appears from the fact of the deposit of such matter by one knowing what article he deposits. The evidence of the crime is, therefore, complete, when the act and the knowledge is shown. Whether the article would, in realty, accomplish the result represented to be its effect, or whether the defendant desired or expected such a result, thus appears immaterial.

If this view of the law be correct, evidence tending to show the harmless character of the powders, and, also, evidence that the powders were known to the defendant to have been ordered of him by a man, and for

the purpose of obtaining evidence on which to base a prosecution, and were made harmless in order to dupe, was properly excluded. If such facts were shown, it would still be true, that the defendant deposited in the mail powders which have been found to be put up in a form, and described in a manner, calculated to insure their use, for the prevention of conception, by any one desiring to accomplish that result, and into whose hands they might fall.

A similar question arises under the indictment against Whitehead, which charges the deposit of an advertisement or notice giving information where and of whom certain of the articles made contraband by the statute could be obtained. The evidence showed the deposit of a notice stating that certain articles contraband by the statute could be obtained at a designated place. This being shown, whether, in point of fact, the information in the notice was true, and whether such articles were at the place designated, is of no consequence. The paper in the mail is the same, whether its statements be true or false; and the object of the statute is to keep such papers out of the mails. Whether such articles should be procurable or not, it is not for congress to say, but congress can prohibit the transmission, in the mails, of papers containing such objectionable matter, as a notice that indecent pictures and articles, to be used for the purpose of procuring abortions, are obtainable at certain places. This power has been exercised in the enactment of the present statute, and the crime created by the statute is complete when such objectionable matter is knowingly deposited in the mail.

The same conclusion may be arrived at by giving to the word "designed," as used in this statute, the signification of "designated," which is one of the ordinary meanings of the word. The powders which the defendant Bott deposited in the mail were clearly designated as articles for the prevention of conception, and were, therefore, within the prohibition of the statute.

These views dispose of all the questions which have been raised in these cases, and the result is, that the motions for new trials are denied.