ALEXANDER MOORE vs. NORTHERN PACIFIC RAILROAD COMPANY, impleaded, etc.

June 16, 1887.

Malicious Prosecution—Probable Cause—Law and Fact.—In an action for malicious prosecution, it is for the court to determine whether a given state of facts constitutes probable cause justifying the prosecution, and such a determination will be reviewed upon appeal rather as a legal conclusion than as a mere question of fact.

Same—Advice of Counsel.—In such an action, a defence is shown if it appear that the prosecution was made in good faith, in reliance upon the advice of competent legal counsel, after a statement to him of all the facts known to exist, or which the prosecutor had reason to believe existed. So, too, where a criminal prosecution is instituted upon the official advice of the proper prosecuting attorney of the state.

Same—Case Stated.—It appearing that certain personal property had been stolen from the defendant, and that competent legal counsel and the county attorney advised the defendant that there was probable cause for the prosecution of the plaintiff after the supposed facts had been stated to them, embracing an affidavit of a confessed accomplice alleging circumstantially that the plaintiff participated in the larceny, with other affidavits of a corroborative nature, held, that the case showed probable cause, and that a verdict against the defendant could not be sustained.

Appeal by the defendant the Northern Pacific Railroad Company from an order of the district court for Stearns county, Collins, J., presiding, refusing a new trial.

W. P. Clough, Chas. D. Kerr, and John C. Bullitt, for appellant.

Bruckart & Reynolds and Barto & Barto, for respondent.

DICKINSON, J.[1] This is an action for a malicious criminal prosecution. We are to consider whether the case shows a want of proba-

---

[1] Berry, J., was absent and took no part in the decision of this case.

ble cause for the prosecution.    If it does not, the verdict against the appellant cannot be sustained.    In cases of this character, while it is for the jury to determine any controversy as to the facts, it is for the court to declare the ultimate conclusion as to whether the facts, admitted or established by proof, are sufficient to show a want of probable cause.    And in reviewing a determination upon a given state of facts as to the existence of probable cause, such determination is not treated as a mere conclusion of fact, to be sustained if there is evidence reasonably supporting it, even though the conclusion be contrary to that which the appellate court would have reached from a consideration of the same facts.    It is treated rather as a legal conclusion, and, in reviewing it, an appellate court will measure its correctness by its own judgment from the facts shown.    *Burton* v. *St. Paul, M. & M. Ry. Co.*, 33 Minn. 189, (22 N. W. Rep. 300.)

There is but little controversy as to the facts relating to the criminal prosecution here complained of, and, in any view of the case which could properly be taken, we are of the opinion that it justified the prosecution.    A quantity of fence wire on spools and kegs of staples had been stolen from the defendant, the railroad company. The company employed a detective agency to make investigation and ascertain the facts relating to the larceny.    The agency sent a detective, Gibson, who, after making some investigation, reported to one of the officers of the road, and was referred by him to the general attorney of the company at St. Paul, Mr. Clough, who had charge of its legal affairs, and who had been requested to investigate this matter.    Gibson having stated to him the substance of what was afterwards embodied in the affidavits hereafter referred to, the attorney, Mr. Clough, sent to another attorney, a Mr. Fernald, to take and send to him the depositions of the persons referred to by Gibson. The parties referred to were brought before a justice of the peace, and their statements there made were by Mr. Fernald written out, and were sworn to by them.    These affidavits were returned to Mr. Clough, who, after careful examination, concluded, as he says,—and there is nothing opposing his testimony,—that the statements in the affidavits were probably true.    He, however, directed another attorney, the defendant Bullitt, to take the affidavits to the county attor-

ney for examination, with the further direction that, if the latter should also think that there was a probable case against this plaintiff, a prosecution should be instituted against him. The case was then fully presented to the county attorney, who, after examination, stated to Mr. Bullitt that he thought it a complete and good *prima facie* case, and sanctioned the commencement of criminal proceedings. Mr. Bullitt then made formal complaint before a justice of the peace at Sauk Centre, charging this plaintiff with the larceny of a quantity of wire and staples. After the arrest of the plaintiff, and before the examination, Mr. Bullitt declined to proceed with the prosecution, and the plaintiff was discharged. The reason for this is not very distinctly shown by the evidence, but the ostensible reason was that Mr. Bullitt feared that the result might be affected by some local prejudice. No other reason is apparent. He immediately renewed the prosecution before another justice, in the same county, before whom an examination was held, and, after hearing, the accused was discharged.

One of the affidavits referred to was made by one Simeon Parks. This set forth, with considerable particularity, the circumstances of the larceny, which, as is there stated, was committed by the said affiant and this plaintiff. It further set forth a subsequent conversation between those two persons, in which the plaintiff is alleged to have said to Parks that there was going to be trouble about the wire, and that the best thing they could do was to "put it on" one Virgin. Another affidavit was made by Mrs. Parks, the wife of Simeon. Besides some other corroborating matter, Mrs. Parks avers that she overheard a conversation between Moore and her husband, in which the former said that he (Parks) would "have trouble about this unless you swear it on to Virgin. * * * We can put it on to Virgin." Another of the affidavits was made by George W. Parks, a brother of Simeon, to the effect that Moore came to this affiant, and talked about a charge that had been made against Simeon for stealing wire from this railroad company, and proposed to affiant to lay the larceny upon Virgin, and suggested the payment of a sum of money to the affiant for doing so. Another affidavit was made by one Ruddy, who averred that he met Moore and Simeon Parks near the depot

one night, between 9 and 10 o'clock, with some spools of fence wire and some kegs in their wagon; the time of this occurrence being, as is alleged, about the time when, according to the affidavit of Parks, he and Moore committed the larceny, taking the property from the vicinity of the depot in a wagon.

Without referring to some other allegations made in the affidavits of a circumstantial nature, what has been already referred to seems to us sufficient to show probable cause for the prosecution, although it be considered, as the evidence goes to show, that the agents of the corporation through whom the investigation was made, and the prosecution instituted, were informed from credible sources that the reputations of the persons making the affidavits, *excepting that of Mrs. Parks*, were bad.    But, aside from the showing of probable cause from these affidavits, the case of the defendant corporation was greatly strengthened by the fact that the prosecution was advised by the general counsel for the corporation, after a careful and prudent investigation of the supposed facts, and more especially by the fact that the prosecuting officer of the county, whose advice was prudently sought, approved the commencement of the criminal proceedings.    It is a defence to a charge of malicious prosecution that the proceedings were instituted in reliance, in good faith, upon the advice of competent legal counsel, after a statement to him of all the facts of the case known to the prosecutor, or which he had reason to suppose existed. *Ravenga* v. *Mackintosh*, 2 Barn. & C. 693; *Stone* v. *Swift*, 4 Pick. 389, (16 Am. Dec. 349;) Cooley on Torts, 183, and cases cited; and see *Cole* v. *Curtis*, 16 Minn. 161, (182.)    This rule applies with still greater reason when the proceeding is instituted with the approval of the prosecuting officer of the state.    *Johnson* v. *Miller*, 69 Iowa, 562, (29 N. W. Rep. 743.)    We are of the opinion that probable cause for the prosecution was shown, and that the verdict cannot stand.

It is a somewhat remarkable feature of this case that the jury should have brought in a verdict against the corporation, while they found no cause of action as to the defendant Bullitt, who, acting for the corporation, commenced and prosecuted the criminal proceeding.

Order reversed.