GILBERT GILBERTSON *vs.* F. A. FULLER and others.

May 2, 1889.

**Malicious Prosecution—Province of Court and of Jury.**—The rule in actions for malicious prosecution laid down in *Moore* v. *Northern Pacific R. Co.,* 37 Minn. 147, that it is for the court to determine whether a state of facts, over which there is no controversy, constitutes probable cause, warranting a prosecution, followed and applied.

**Same—Good Faith—Advice of Counsel.**—The same case followed as to the effect of acting in the prosecution in good faith, and in reliance upon the advice of one of the prosecuting officers of the state, to whom a statement of all of the facts has been made.

**Same—Advice of Attorney General.**—It is *further held* that the rule that such a state of facts is a defence to an action for malicious prosecution is especially pertinent and relevant when the prosecution is commenced upon the suggestion and with the indorsement of the attorney general of the state.

Appeal by defendants from an order of the district court for Wilkin county, *C. L. Brown,* J., presiding, refusing a new trial after verdict of $600 for plaintiff.

*J. W. Mason* and *Clapp & Woodard,* for appellants.

*H. E. Rawson,* for respondent.

COLLINS, J.   This is an action to recover damages for an alleged malicious criminal prosecution instituted by these defendants against the plaintiff.   The latter secured a verdict, and from an order refusing a new trial the defendants appeal.   As we regard the case, the only question which we need review is the soundness of that portion of the charge to the jury wherein the court stated that no cause for the arrest and prosecution complained of by this plaintiff had been shown, and that, as a matter of law, there was a want of probable cause for the arrest and prosecution.   There is little or no dispute about the facts here.   One of the defendants was a justice of the peace for Wilkin county; another, a constable in said county, as well as a member of the village council of Rothsay, a village which had organized and acted in common with many others, under the pro-

visions of Laws 1883, *c.* 73,—the chapter declared unconstitutional by this court in *State* v. *Simons,* 32 Minn. 540, (21 N. W. Rep. 750.) The other defendants were also members of the village council. Upon being informed of the decision referred to, the members of the council were at a loss to determine what course to pursue should certain saloon-keepers decline to take out a license in conformity with the terms of an ordinance which prohibited the sale of intoxicating liquors within the village limits without such license. They resolved to seek the advice of the attorney general of the state, and, according to the testimony, upon more than one occasion consulted him in reference to the legal *status* of the village, and as to the powers and privileges of its officers should the saloon-keepers refuse or neglect to obey the ordinance. The testimony is uncontradicted that upon a full and fair presentation of the facts to the then attorney general, the village council was advised that it had a right to proceed against such persons as disregarded the ordinance, precisely as if the decision (which was in reference to another municipality) had not been rendered. This advice was discussed and made public at a meeting of the council held just prior to the termination of the license year, and seems to have been predicated upon the fact that the incorporation of the village of Rothsay had not been passed upon, and also on a supposition that the legislature, then in session, would immediately pass a bill validating the incorporation of all villages organized and acting under the obnoxious law. After the plaintiff opened his place of business, without having obtained a village license, the circumstances of his case were presented to the attorney general, and the council was by him advised to prosecute. There is no claim that this advice was not given as stated upon the trial, nor is there a pretence that any of these defendants did not act in perfect good faith throughout the entire transaction, relying upon the assurance of the chief law-officer of the state, to whom they had, at the outset, stated all of the facts and circumstances, and with whom they subsequently counselled with reference to the prosecution of this plaintiff. It was upon his express advice that the steps were taken upon which is based this action. A charge of malicious prosecution is well met by proof that the proceedings were instituted in reliance, in good faith, upon the advice of com-

petent legal counsel, received upon a full statement to him of the facts known to the prosecutor, or which he had reason to suppose existed, and this rule applies with still greater force when the proceeding is instituted upon the advice and approval of the prosecuting officer. *Moore* v. *Northern Pacific R. Co.*, 37 Minn. 147, (33 N. W. Rep. 334.) And the rule is especially pertinent and relevant when the prosecution is commenced upon the suggestion, and with the indorsement, of the attorney general of the state.

There being no controversy over the facts, it was for the court to declare whether probable cause existed; that is, whether the defendants had "a reasonable ground of suspicion, supported by circumstances sufficiently strong in themselves to warrant a cautious man in the belief that the person accused is guilty of the offence with which he is charged." *Cole* v. *Curtis*, 16 Minn.161,(182;) *Casey* v. *Sevatson*, 30 Minn. 516, (16 N. W. Rep. 407;) *Burton* v. *St. Paul, M. & M. Ry. Co.*, 33 Minn. 189, (22 N. W. Rep. 300.) The defendants, in a case where there was no doubt of the guilt of the accused if the ordinance was enforceable, took the precaution to submit that question to the attorney general for his opinion, and thereafter acted in strict accordance with his views, under his instructions, and in good faith. There was no want of probable cause, and the court erred in so holding.

Order reversed.