# HARRY HANOWITZ v. GREAT NORTHERN RAILWAY COMPANY.[1]

June 27, 1913.

Nos. 18,067—(193).

**Malicious prosecution — evidence.**

1. The agents of defendant railway company testified that a passenger reported to them that the news agent on the train had induced him to hand over a roll of money for examination, to see if there was any foreign money to be exchanged, and that the news agent in examining it filched $15 therefrom. The passenger's money was $15 short and the news agent had the $15. There was no apparent reason to doubt the testimony of the agents of defendant as to what the passenger told them, and no apparent reason why they should doubt his story. Plaintiff's explanation was unsatisfactory. He stated that he found the money lying on the floor under a seat in the smoking car and forgot to report it. He admitted that he had cultivated the acquaintance of the passenger, who was a foreigner; that he had asked him if he had any foreign money, and that the roll was produced and was handled, so that he could see that there was none. *Held*, the evidence does not sustain a finding of want of probable cause for criminal prosecution.

**Same — malice — want of probable cause.**

2. An instruction that malice is a necessary inference from want of probable cause, is erroneous. In an action for malicious prosecution, malice and want of probable cause must both be proven as distinct issues. The jury *may*, in a proper case, infer malice from want of probable cause, but they are not bound to infer malice in every case where want of probable cause is proven.

Action in the district court for Hennepin county to recover $10,000 for malicious prosecution and loss of employment in consequence thereof. The facts are stated in the opinion. The case was tried before Dickinson, J., and a jury which returned a verdict of $1,500 in favor of plaintiff. From an order denying de-

[1] Reported in 142 N. W. 196.

122 M.—16.

fendant's motion for a new trial, it appealed. Reversed and new trial granted.

*Cobb, Wheelwright & Dille,* for appellant.
*Lane & Malmberg,* for respondent.

HALLAM, J.

Plaintiff was employed as a news agent on defendant's train running between St. Paul and Havre, Montana. On August 22, 1911, one of defendant's agents caused the arrest of plaintiff at Havre, and caused his prosecution on a charge of petit larceny. Plaintiff was acquitted and brings this action for malicious prosecution. The jury found a verdict in favor of plaintiff. Defendant moved for a new trial. The motion was denied and defendant appeals.

Defendant urges on this appeal: (1) That the evidence shows that defendant had probable cause for the prosecution and does not sustain a finding to the contrary; (2) that the court erred in charging the jury that, if the prosecution was instituted without probable cause, malice must be presumed and plaintiff's case is established.

Both contentions are well taken.

1. To sustain a case of malicious prosecution, it must appear that the prosecution was without probable cause. By probable cause is meant "the existence of such facts and circumstances as would excite the belief in a reasonable mind, acting on the facts within the knowledge of the prosecutor, that the person charged was guilty of the offense for which he was prosecuted. * * * It is not necessary that the facts upon which the prosecutor acts shall be true. It is enough if he believed them to be true, and had reasonable ground for so believing. Neither is it necessary that he should know, or suppose he knows, of his own knowledge, the truth of the facts upon which he acts. He may act upon communications made to him by others if he has reasonable ground for believing, and does believe, that the communications are true." Smith v. Munch, 65 Minn. 256, 259, 68 N. W. 19, 20.

The testimony in this case is as follows: The conductor on the train testified that on August 22, 1911, one Nygren, a passenger.

reported to him that plaintiff had induced him to hand over a roll of bills, on the pretext of exchanging Swedish for American money, and that when plaintiff handed back the roll it was $15 short. The conductor took Nygren to one Cook, a special agent of defendant charged with the duty of attending to such matters, and who happened to be on the train. Cook's testimony as to what Nygren told him is substantially the same as the story detailed by the conductor. There was neither corroboration nor contradiction of the testimony of these witnesses. Nygren was not a witness, and it was claimed could not be found. Both the conductor and Cook separately confronted plaintiff with Nygren's charge. There is a dispute as to what he said. Both the conductor and Cook talked separately to plaintiff and each testified that plaintiff made a confession. Plaintiff denies it.

Plaintiff admitted, however, that he did in fact have the money which Nygren lost and that when complaint was made he at once handed it over. He claimed to have found it under a seat in the smoking car. He admitted that he had become well acquainted with Nygren, who was a foreigner and who had recently come to this country; that on the morning in question he sat in the same seat and talked to Nygren for about half an hour; that in the course of the conversation he asked Nygren if he had any foreign money, and that Nygren took out his roll and handled it in such manner that plaintiff could see that he had no foreign money. He admitted that he had the $15 for a period of time that must have been at least an hour, and said nothing to anyone about it. His excuse was that he "got busy and forgot all about the $15."

The burden was on the plaintiff to prove that the prosecution was instituted without probable cause. The fact of acquittal affords no presumption that defendant did not have probable cause to institute the prosecution. Chapman v. Dodd, 10 Minn. 277, 291, (350, 365); Shafer v. Hertzig, 92 Minn. 171, 99 N. W. 796, 26 Cyc. 40. It must be made to appear, either that the alleged statement of Nygren was not in fact made, or that, if made, it did not furnish reasonable ground for belief in its truth, or that it did not in fact induce such belief. If the testimony of the conductor

and Cook as to what Nygren told them is true, then such statement, if in good faith believed by them, unquestionably furnished probable cause for a criminal prosecution. On such information, if believed and unexplained, it was not only their privilege, but it was also their duty, to act to the end that passengers might be protected. It may be that the testimony of the conductor and Cook, without further corroboration, was not conclusive as to what Nygren did in fact tell them, but there would seem to be little ground to doubt their testimony in this regard. The story of Nygren as repeated by them was consistent and calculated to induce belief in its truth. The explanation of plaintiff is, to say the least, improbable and not calculated to induce belief in its truth. We hesitate to disturb the finding of a jury upon questions of fact, but we are constrained to hold that a finding that no probable cause for prosecution existed in this case is clearly and palpably against the weight of the evidence.

2. The court charged the jury as follows:

"'If you find * * * that the larceny charge out in Montana was instituted without probable cause, then you will return a verdict for plaintiff in some amount, for in such a case legal malice is presumed and establishes the case of malicious prosecution."

This was error. It is well established that in the action of malicious prosecution both malice and want of probable cause must be proven by the plaintiff as distinct issues. The malice which is the essential element of malicious prosecution is not, like the malice essential in libel, slander and false imprisonment, a mere fiction of the law; it is a state of mind to be proved as a fact. Want of probable cause may exist without malice. The reason is plain. The information on which a defendant acted may have induced *him* to act in the utmost good faith, so that his mind is entirely free from malice, and yet it may not be sufficient to constitute probable cause, for the test of probable cause is not the belief induced in him, but the belief induced in the mind of a reasonably prudent man. The jury *may,* in a proper case, infer malice from want of probable cause, but they are not bound to infer malice in every case where want of probable cause is proven. The inference which they may draw is

one of fact and not of law. This rule is settled in this state. Smith v. Maben, 42 Minn. 516, 44 N. W. 792; Mundal v. Minneapolis & St. L. R. Co. 92 Minn. 26, 99 N. W. 273, 100 N. W. 363, and it is the prevailing rule. 19 Am. & Eng. Enc. (2d ed.) 678; 26 Cyc. 51; Stewart v. Sonneborn, 98 U. S. 187, 25 L. ed. 116; Helwig v. Beckner, 149 Ind. 131, 46 N. E. 644, 48 N. E. 788; Pierce v. Doolittle, 130 Iowa, 333, 106 N. W. 751, 6 L.R.A.(N.S.) 143; Harpham v. Whitney, 77 Ill. 32. The court's instructions required the jury to infer malice if they found want of probable cause for the prosecution, and in this the charge was erroneous.

Order reversed and new trial granted.