## FRANK E. LAMMERS v. W. P. MASON and Another.[1]

October 24, 1913.

Nos. 18,230—(82).

**Malicious prosecution — question for jury.**

1. Evidence in an action for malicious prosecution considered and *held* sufficient to take the case to the jury on the issues of want of probable cause and malice, including the defense of advice of counsel.

**Respondeat superior — question for jury.**

2. Whether, under the doctrine of respondeat superior, the corporation defendant was liable for the acts of its individual codefendant in the premises, *held* for the jury.

Action in the district court for Hennepin county against W. P. Mason and the Minneapolis, St. Paul, Rochester & Dubuque Electric Traction Co. to recover $1,000 for malicious prosecution. The separate answer of the traction company was a general denial. The case was tried before Dickinson, J., who denied defendants' separate motions for a directed verdict and a jury which returned a verdict in favor of plaintiff for $250. From an order denying separate motions of defendants for judgment notwithstanding the verdict or for a new trial, they appealed. Affirmed.

*M. H. Boutelle* and *R. T. Boardman,* for appellants.

*Jesse Van Valkenburg,* for respondent.

PHILIP E. BROWN, J.

Appeal by defendants from an order denying their alternative motions after verdict for plaintiff, in an action to recover damages for malicious prosecution.

[1] Reported in 143 N. W. 359.

Note.—For a collection of the authorities on the question of advice of counsel as defense to action for malicious prosecution, see note in 18 L.R.A.(N.S.) 49 and supplemental note in 39 L.R.A.(N.S.) 207.

The assignments of error raise the single ultimate question of the sufficiency of the evidence to sustain the verdict as to each of the defendants, the amount of the recovery, however, not being challenged.

1. Defendants insist that neither want of probable cause nor malice was shown. Both are essential, as distinct issues, to the maintenance of the action. Hanowitz v. Great Northern Ry. Co. 122 Minn. 241, 142 N. W. 196. As to the former, what facts, and whether particular facts, constitute probable cause, is for the court to determine; but if the evidence is conflicting, or if otherwise it is fairly susceptible of different inferences, the question is for the jury. Burton v. St. Paul, M. & M. Ry. Co. 33 Minn. 189, 22 N. W. 300; Mundal v. Minneapolis & St. L. R. Co. 92 Minn. 26, 30, 99 N. W. 273, 100 N. W. 363. Whether probable cause is made out so as to raise a question for the court or jury, depends upon the circumstances of each case; and when this question comes before us we consider the evidence as if heard here, and weigh it in order to determine the correctness of the determination below. Moore v. Northern Pac. Ry. Co. 37 Minn. 147, 33 N. W. 334; Eickhoff v. Fidelity & C. Co. of New York, 74 Minn. 139, 76 N. W. 1030; Burton v. St. Paul, M. & M. Ry. Co. supra. It is, however, the duty of the trial court, if the question be submitted, either to make specific findings or instruct as to what facts constitute probable cause. It is "a reasonable ground of suspicion, supported by circumstances sufficiently strong in themselves to warrant a cautious man in the belief that the person accused is guilty of the offense with which he is charged." Cole v. Curtis, 16 Minn. 161, 173 (182).

The trial court so charged, and the sole questions for our consideration on this branch of the case are, therefore, whether the evidence justified the submission of the case upon this issue, and also upon that of malice, which, in a proper case, may be inferred from want of probable cause. Nelson v. International Harvester Co. 117 Minn. 298, 304, 135 N. W. 808; Hanowitz v. Great Northern Ry. Co. supra. It may thus be defined:

"Whatever is done wilfully and purposely, if it be at the same time wrong and unlawful, and that known to the party, is in legal

contemplation malicious. That which is done contrary to one's; own conviction of duty, or with a wilful disregard of the rights of others, whether it be to compass some unlawful end, or some lawful end by unlawful means, or, in the language of the charge, to do a. wrong and unlawful act knowing it to be such, constitutes legal malice." Wills v. Noyes, 12 Pick. 324, 328.

While the testimony was conflicting, the jury might well have found as follows: Prior to September 15, 1910, defendant company owned certain premises in Dakota county, known as Antler's Park,. and in particular a tract of 36 acres therein, used for farming purposes and containing farm buildings. This land had been occupied by a tenant of the company from April 15, 1909, up to the date last mentioned, and during such period considerable manure had accumulated from stock stabled thereon by the tenant. Shortly prior to the criminal prosecution complained of, plaintiff, a farmer owning a farm in the vicinity, obtained from the tenant permission to, and did, himself and by his servants, remove considerable thereof from the premises. Defendant Mason, who at this time had charge of the land for the purpose of sale, exercising over the same in this, connection a general control and supervision, and acting in the interest of his codefendant and for no purpose personal to himself, twice notified plaintiff's employees not to do so, but had no conversation with plaintiff, whom he did not personally know and assumed to be one of the persons so notified. Plaintiff's employees, however,. continued, asserting to Mason that defendant company's tenant had authorized such removal; whereupon he, having for the third time seen them so engaged, and after consulting with the company's attorney and a justice of the peace, made complaint in writing before the justice charging plaintiff with larceny in the first degree of the company's manure, his purpose in so doing being to stop plaintiff from hauling it, and advised the justice, at the time he made complaint, about 3 p. m., that he wanted a warrant served that night and plaintiff required to give bond or be incarcerated. After examination before the justice, plaintiff was discharged.

Applying the rules stated to this situation, we find no difficulty in reaching the conclusion that, as to defendant Mason, want of

probable cause and malice were for the jury. Laying aside for the present the effect of advice of counsel, the court was not required to draw inferences from the facts established; and, notwithstanding defendant's claim to the contrary, the jury might reasonably have believed that the criminal proceeding was taken to subserve the private interest of the company, and that defendant Mason's claim that the open taking of the manure under a specifically asserted claim of right, constituted larceny, was subterfuge.

2. Advice of counsel is relied on to defeat the action. The law on this subject has frequently, and recently, been stated by this court. See Nelson v. International Harvester Co. supra; Virtue v. Creamery Package Mnfg. Co. supra, page 17, 142 N. W. 930, 937; Shea v. Cloquet Lumber Co. 92 Minn. 348, 100 N. W. 111, 1 Ann. Cas. 930. The protection afforded by this defense is available only when the advice given is founded upon a full statement of the facts and is relied upon in good faith. In the present case the evidence falls short of establishing that Mason disclosed to the attorney plaintiff's claim of right. His strongest statement in this regard is that he "stated the facts about the hauling of the manure away from the place there," and no reference is made thereto in his further testimony purporting to state the transaction in greater detail. True it is, the attorney testified that he believed Mason informed him thereof, and subsequently stated that he did make some statement in such regard; but what is claimed to have been said is involved in so much uncertainty that the jury, when considering Mason's failure to testify in this connection, might have concluded that the attorney, who was counsel for defendant company, was mistaken in his account. Certainly it does not satisfactorily appear that the disclosure was sufficient within the rule. See Seabridge v. McAdam, 108 Cal. 345, 349, 41 Pac. 409.

3. It is claimed by defendant company that it cannot be held liable. Summarizing the evidence on this point, it appears that in prosecuting plaintiff Mason was not acting in any personal or private capacity, but assumed to act for the company's interest and in the furtherance of its business in a matter over which he had general supervision; that the company's attorney was advised of his con-

templated action, and after plaintiff's arrest employed counsel to take charge of the case. This showing made the question of defendant company's liability for Mason's act at least one for the jury. Smith v. Munch, 65 Minn. 256, 260, 68 N. W. 19; Larson v. Fidelity Mut. Life Assn. 71 Minn. 101, 73 N. W. 711; Mundal v. Minneapolis & St. L. R. Co. supra; Peake v. Milaca State Bank, 120 Minn. 455, 139 N. W. 813.

Order affirmed.