# A. J. COX v. MARCUS LAURITSEN.[1]

June 19, 1914.

Nos. 18,598—(143).

**Malicious prosecution — evidence.**

1. To maintain an action for malicious prosecution, plaintiff must show that the prosecution was instituted at the instigation of defendant, without probable cause, and maliciously.

**Same — ignorance of offense charged.**

2. Where defendant placed facts tending to show violation of the postal laws before the proper officials, but such officials, instead of proceeding thereon, made an independent investigation by which they secured evidence tending to show the commission of a new and distinct offense, neither reported by nor known to defendant, and, without the knowledge of defendant, instituted a criminal prosecution for such new and distinct offense, defendant cannot be held to have instigated such prosecution and is not liable in damages therefor.

**Same — probable cause.**

3. Whether the undisputed facts are sufficient to constitute probable cause for a criminal prosecution is a question exclusively for the courts, and, upon appeal, will be weighed in this court as if the case had been heard here.

**Same.**

4. The existence of probable cause for a criminal prosecution is a complete defense to an action for damages for instituting the same, notwithstanding the fact that the prosecutor may have been actuated by malice.

**Same.**

5. Evidence examined and *held* to establish probable cause for the criminal prosecution.

Action in the district court for Lincoln county against Marcus Lauritsen, H. H. Baldwin and Thiel Detective Service Co. to recover $30,200 for malicious prosecution. The answer was a general denial. The case was tried before Olin B. Lewis, J., and a jury which ren-

[1] Reported in 147 N. W. 1093.

dered a verdict for $10,000 in favor of plaintiff. Defendant's motion for judgment notwithstanding the verdict was granted. From the judgment of $750.99 for costs and disbursements, plaintiff appealed. Affirmed.

*Johnson & Lende* and *James Manahan,* for appellant.

*Lancaster, Simpson & Purdy,* for respondent.

TAYLOR, C.

Plaintiff brought this action to recover damages for an alleged malicious prosecution. He recovered a verdict against defendant Lauritsen but not against the other defendants; thereafter, the trial court directed judgment in favor of defendant Lauritsen notwithstanding the verdict. Such judgment was duly entered and plaintiff appealed therefrom. The only parties before this court are plaintiff and defendant Lauritsen.

While the record is voluminous, filling two printed volumes, the questions presented are few and simple. Plaintiff and defendant now are, and for many years have been, prominent citizens of the village of Tyler in Lincoln county. Defendant is engaged in the banking business. Plaintiff is a physician engaged in the practice of his profession and is also interested in a rival bank. Ill will has existed between these men for a considerable period. In 1910, defendant employed the Thiel Detective Agency to investigate whether plaintiff was offending against the criminal laws. In response to requests from certain women employed by the detective agency, defendant sent to them through the mails what are identified in the evidence as Warner's Apiol Globules. Plaintiff testified that these globules or capsules are composed of apiol, ergotine, rue, savin, aloin and sweet oil. The evidence shows that all except the sweet oil are abortifacient drugs when used in sufficient doses.

The United States laws make it a crime to send through the mails any "article or thing designed, adapted, or intended for preventing conception or producing abortion," or any "article, instrument, substance, drug, medicine, or thing which is advertised or described in

126 M.—9.

a manner calculated to lead another to use or apply it for preventing conception or producing abortion."

The detective agency reported these matters to the United States post office inspector, furnished him with copies of the letters written to the defendant, and turned over to him the globules received in response to such letters. The post office inspector reported the matter to the United States district attorney; but he declined to act upon the evidence furnished by the detective agency, and directed the inspector to obtain independent evidence. The inspector procured a woman in St. Paul to write plaintiff for some of the globules inclosing the price. The letter stated in effect that she feared she was pregnant and had been informed by her friend, (naming one of the women to whom plaintiff had previously sent globules), that he had "helped her out of the same kind of a fix." Plaintiff mailed the globules to her. When they were received, the inspector presented them, together with a copy of the letter in response to which they had been received, to the United States district attorney. The district attorney thereupon made a complaint, setting forth this last transaction and based solely thereon, charging plaintiff with violating the United States statute above referred to. A warrant was issued upon this complaint, under which plaintiff was arrested and bound over to the grand jury. The matter was presented to the grand jury at the next term of court, but they returned no indictment and plaintiff was discharged. Neither the defendant nor the detective agency had any knowledge of the transaction for which plaintiff was arrested, or of the making of the complaint, or of the issuance of the warrant, until after the arrest. After he had been discharged plaintiff began this action, alleging that his arrest had been procured by defendant maliciously and without probable cause.

The rules that apply in such cases are well settled. In order to maintain the action, plaintiff must show that the prosecution was instituted at the instigation of the defendants, without probable cause, and maliciously. Tabert v. Cooley, 46 Minn. 366, 49 N. W. 124, 13 L.R.A. 463; Cole v. Andrews, 74 Minn. 93, 76 N. W. 962;

Hanowitz v. Great Northern Ry. Co. 122 Minn. 241, 142 N. W. 196; Lammers v. Mason, 123 Minn. 204, 143 N. W. 359.

In the present case the evidence is abundant to sustain the charge of malice; but, to entitle plaintiff to recover, he must also sustain the charge that defendant instigated the prosecution, and that he did so without probable cause therefor.

1. The evidence secured by the detectives was placed before the proper officials of the post office department. These officials placed it before the United States district attorney; but no prosecution was ever brought upon this evidence, or upon any of the occurrences so reported. By direction of the district attorney, the post office department made an independent investigation of its own, and secured evidence tending to show an entirely new and distinct offense. The complaint and warrant were based solely upon the charge that plaintiff had committed this new offense. They contained no reference to any of the transactions reported by the detectives. The investigation made by the postal officials was made without the knowledge of either the defendant or the detective agency. The letter was written, the complaint was made and sworn to, and the warrant was issued, without consulting with them in any manner. They were not informed of the institution of the prosecution, nor of the transaction upon which it was based, until the arrest took place. The material facts are uncontroverted, and the trial court was clearly right in holding that there was no evidence tending to prove that the prosecution in question was brought at the instance of defendant. That defendant, or those employed by him, called the attention of the postal authorities to the fact that plaintiff sent apiol globules through the mails, is unquestionable; and it is undoubtedly true that the investigation and proceedings instituted by the authorities followed as a consequence of such information. But this is not sufficient to make defendant liable in damages. He cannot be mulcted in damages for a prosecution commenced without his knowledge, and based upon a charge unknown to him. It is doubtful if he could be charged with instituting the prosecution, even if it had been based upon one of the transactions reported by him, or his agents. For it is well

settled that, if the complaint places all the facts fully and fairly before the proper official, he is not liable in damages, if such official, acting exclusively upon his own judgment, institutes a criminal prosecution not justified by such facts. Moore v. Northern Pacific R. Co. 37 Minn. 147, 33 N. W. 334; Gilbertson v. Fuller, 40 Minn. 413, 42 N. W. 203; Mundal v. Minneapolis & St. Louis R. Co. 92 Minn. 26, 99 N. W. 273, 100 N. W. 363; Shea v. Cloquet Lumber Co. 92 Minn. 348, 100 N. W. 111, 1 Ann. Cas. 930; Baldwin v. Capitol Steam Laundry Co. 109 Minn. 38, 122 N. W. 460.

2. Before he can recover, plaintiff must also make it appear that the prosecution was instituted without probable cause. Whether the undisputed facts are sufficient to constitute probable cause is a question exclusively for the courts, and, upon appeal, will be weighed in this court as if the case had been heard here. Gilberston v. Fuller, 40 Minn. 413, 42 N. W. 203; Eickhoff v. Fidelity & Casualty Co. of New York, 74 Minn. 139, 76 N. W. 1030; Lammers v. Mason, 123 Minn. 204, 143 N. W. 359. What will constitute probable cause has been defined as "the existence of such facts and circumstances as would excite the belief in a reasonable mind, acting on the facts within the knowledge of the prosecutor, that the person charged was guilty of the offense for which he was prosecuted." Smith v. Munch, 65 Minn. 256, 68 N. W. 19; Hanowitz v. Great Northern Ry. Co. 122 Minn. 241, 142 N. W. 196. Also as "a reasonable ground of suspicion, supported by circumstances sufficiently strong in themselves to warrant a cautious man in the belief that the person accused is guilty of the offense with which he is charged." Cole v. Curtis, 16 Minn. 161 (182); Price v. Denison, 95 Minn. 106, 103 N. W. 728; Lammers v. Mason, 123 Minn. 204, 143 N. W. 359.

It clearly appears that plaintiff sent the globules in question through the mail in response to the letter to which reference has been made; that they contained well known abortifacient drugs; and that they were adapted for "producing abortion," if used in sufficient doses. He admits mailing them, admits that they contain the five drugs named, and that such drugs are abortifacients. He contends however that the globules are well known emmenagogues, are in

common use as such, and that he sent them for use as emmenagogues; also that they are not abortifacients when used in the doses prescribed by him, but only when used in large doses. The letter indicates that they were sought for the purpose of "preventing conception or producing abortion;" and, if they were not intended for such purposes, that fact was not disclosed to the purchaser. If they were sent in a manner and under circumstances calculated to lead the recipient to use them for such purposes, the offense was complete when they were deposited in the mail, even if they were harmless and incapable of producing such results. United States v. Bott, 11 Blatch. 346, 24 Fed. Cas. 1204; Ackley v. United States, 200 Fed. 217, 118 C. C. A. 403; Bates v. United States (C. C.) 10 Fed. 92. But the drugs mailed by plaintiff in response to this letter were not harmless, but capable of producing abortion. The undisputed facts are ample to show that, as a matter of law, probable cause existed for instituting the prosecution of which plaintiff complains. Where probable cause for the prosecution is shown, the fact that the prosecutor may have been actuated by malice does not render him liable in damages. Notwithstanding such malice, the existence of such probable cause is a complete defense to an action for damages for instituting the prosecution. The record shows conclusively that the judgment rendered by the trial court was correct and must be affirmed. So ordered.