# GEORGE T. WILLIAMS v. THE PULLMAN COMPANY.[1]

### March 19, 1915.

### Nos. 18,961—(179)

**Malicious prosecution — acquittal — want of probable cause.**

    1. In an action to recover damages for malicious criminal prosecution, proof of an acquittal upon a trial for the crime charged is not *prima facie* evidence of want of probable cause for the institution of the prosecution.

**Probable cause — question for court.**

    2. What facts, and whether particular facts, constitute probable cause is for the court.

**Evidence of want of probable cause.**

    3. The facts in this case upon plaintiff's own testimony do not prove want

[1] Reported in 151 N. W. 895.

---

Note.—On the question as to whether acquittal or discharge is evidence of want of probable cause, see note in 64 L.R.A. 475.

of probable cause for his arrest and prosecution upon the charge of drunk and disorderly.

Action in the district court for Ramsey county to recover $2,999 for malicious arrest and criminal prosecution. The case was tried before Olin B. Lewis, J., who denied defendant's motion for a directed verdict, and a jury which returned a verdict for the amount demanded. Defendant's motion for judgment notwithstanding the verdict was denied and its motion for a new trial was granted unless plaintiff consented to a reduction of the verdict to $2,000. From the order denying its motion for judgment notwithstanding the verdict and granting a new trial unless plaintiff consented to a reduction of the verdict, defendant appealed. Reversed with direction to enter judgment for defendant.

*Denegre & McDermott,* for appellant.

*W. T. Francis* and *E. S. Thompson,* for respondent.

HOLT, J.

Action for malicious arrest and criminal prosecution in which plaintiff had a verdict. Defendant appeals from an order denying its motion for judgment notwithstanding the verdict or a new trial.

In an action to recover damages for a malicious criminal prosecution plaintiff must prove want of probable cause. All our decisions, from the early case of Chapman v. Dodd, 10 Minn. 277 (350) to Cox v. Lauritsen, 126 Minn. 128, 147 N. W. 1093, are to that effect. The acquittal in the criminal prosecution is not evidence of want of probable cause for its institution. Chapman v. Dodd, supra; Shafer v. Hertzig, 92 Minn. 171, 99 N. W. 796; Hanowitz v. Great Northern Ry. Co. 122 Minn. 241, 142 N. W. 196. It is the rule in this state that the discharge by an examining magistrate of the person accused of crime is, ordinarily, *prima facie* evidence of want of probable cause to enter the complaint or cause the arrest. Chapman v. Dodd, supra; Cole v. Curtis, 16 Minn. 161 (182); Fiola v. McDonald, 85 Minn. 147, 88 N. W. 431; Blazek v. McCartin, 106 Minn. 461, 119 N. W. 215. The reason for the distinction is obvious, for in the case of a preliminary examination the accused is entitled to a discharge if "it shall appear

that no offense has been committed, or that there is not probable cause for charging the prisoner with it", [1] whereas upon the trial of the accused for a criminal offense he is entitled to an acquittal if no more than probable cause is proven against him. The instigator of the prosecution may have a strong case of probable cause, nevertheless on a trial upon an indictment or criminal complaint an acquittal results because the state is unable to prove guilt beyond a reasonable doubt. Probable cause is all that is required to protect the one who institutes a criminal prosecution.

What facts, and whether particular facts, constitute probable cause is for the court. This proposition is firmly settled. Burton v. St. Paul, M. & M. Ry. Co. 33 Minn. 189, 22 N. W. 300; Moore v. Northern Pac. Ry. Co. 37 Minn. 147, 33 N. W. 334; Gilbertson v. Fuller, 40 Minn. 413, 42 N. W. 203; Smith v. Munch, 65 Minn. 256, 68 N. W. 19; Baldwin v. Capitol Steam Laundry Co. 109 Minn. 38, 122 N. W. 460; Mundal v. Minneapolis & St. Louis R. Co. 92 Minn. 26, 99 N. W. 273, 100 N. W. 363; Hanowitz v. Great Northern Ry. Co. 122 Minn. 241, 142 N. W. 196; and Lammers v. Mason, 123 Minn. 204, 143 N. W. 359. In the last cited case is reiterated the rule that when the question of probable cause "comes before us we consider the evidence as if heard here, and weigh it in order to determine the correctness of the determination below."

The only facts upon which must rest the claim of want of probable cause are found in plaintiff's own testimony. Therefrom it appears that plaintiff was in the employ of defendant as a porter on one of its sleeping cars operated by the Great Northern Railway Co. between St. Paul and Seattle. On his return to St. Paul, in the morning of March 26, 1913, the assistant superintendent, Mr. Healy, told him to go out with the coast train due to leave at 10:45 in the evening. Porters were required to be at their car one hour and forty-five minutes ahead of the leaving time. Plaintiff was 15 or 20 minutes late. One W. C. Williams was in the employ of defendant as night superintendent of its sleeping car porters at the station. Plaintiff was well acquainted with him, knew that his authority was to see that everything pertaining to the cars and the employees thereon was in proper order, that he had power to assign

[1] [G. S. 1913, § 9083].

porters to cars, to take them off any particular car, and to hire and discharge them. Shortly after 9:15 p. m., while plaintiff was in the car changing his clothes, Mr. Williams came in and told him that he could not go out on the car but to take his belongings and get off. Plaintiff responded that it was not necessary for him to get off because Mr. Williams said so, but if Mr. Healy would give the order he would obey. Mr. Williams, however, insisted that plaintiff should leave, saying that if he did not he would call a policeman "and have you taken off." Plaintiff did not go, but resumed dressing and began to assist persons on. By that time another porter, placed in charge by Williams, also attempted to care for passengers. In a few minutes Mr. Williams came back where the two porters were both trying to act and said to plaintiff: "You are going to get your things and get off?" Plaintiff said: "No, Sir." Williams said: "Well, this is my second time. I told you, if you don't get off I am going to get a policeman and have you put off." Plaintiff refused to obey, and Williams got a police officer who arrested him. After the arrest the officer told plaintiff to go in the car and get his belongings, but he refused unless the officer went along. Thereupon plaintiff was locked up. When the officer asked Williams what offense plaintiff should be charged with, the answer was, drunk and disorderly. Such are in brief the facts according to plaintiff's version. From defendant's evidence there could be no possible claim of want of probable cause for the arrest. But we must accept plaintiff's story in determining whether a cause of action was made out. Our conclusion is that the proof fails to establish want of probable cause for the arrest. Plaintiff refused to obey the orders of his superior. Defendant is charged with a high measure of responsibility to the traveling public who make use of sleeping car accommodations. No servant showing the slightest indication of intoxication should be tolerated as a porter in charge of such car. A master should not be required to retain in his employ an insubordinate servant; especially is this true where the consequences might seriously involve the master and others to whom the master owes a duty of great care and protection. Mr. Williams was the one to determine whether plaintiff was in a fit condition or mood to be placed in charge as porter of that car. He determined that plaintiff was not, and

selected another porter. Plaintiff refused to leave the car when ordered so to do, and insisted on interfering with the porter on duty. It could not be expected that Mr. Williams should engage in a physical encounter with plaintiff at that time and place. The most charitable and reasonable view to take of plaintiff's unwarranted insubordination was to lay it to strong drink, which was done. We are agreed that plaintiff utterly failed to prove want of probable cause, and that from the facts conceded by him it is clear that he can never establish a cause of action.

The order denying judgment notwithstanding the verdict is reversed and judgment ordered for defendant.