# ELLA REIHERZER v. ELEANORE H. BRESKY AND OTHERS.[1]

February 18, 1927.

No. 25,650.

**Question for court and question for jury in action for malicious prosecution.**

1. In an action for malicious prosecution the question of what facts constitute probable cause is for the court, but what the facts are, they being in dispute, is for the jury.

**Burden of proving want of probable cause.**

2. The burden of proving want of probable cause is upon the plaintiff.

**Action dismissed for failure of proof.**

3. Upon the evidence there was not proof of want of probable cause and the court was right in dismissing the action.

Malicious Prosecution, 38 C. J. p. 476 n. 94; p. 498 n. 74; p. 502 n. 18, 19; p. 503 n. 20.

See note in L. R. A. 1915D, 5; 18 R. C. L. 58; 3 R. C. L. Supp. 783; 4 R. C. L. Supp. 1177; 5 R. C. L. Supp. 971.
See 18 R. C. L. 51; 3 R. C. L. Supp. 782; 4 R. C. L. Supp. 1177; 6 R. C. L. Supp. 1050.

Plaintiff appealed from an order of the district court for Hennepin county, Nordbye, J., denying her motion for a new trial. Affirmed.

*Leslie C. Smith* and *Dan E. Richter*, for appellant.

*Eleanore H. Bresky* and *Thomas Kneeland*, for respondents.

DIBELL, J.

Action for damages for the malicious prosecution of a proceeding in the probate court of Hennepin county for the investigation of the sanity of the plaintiff. The court dismissed the action. The plaintiff appeals from the order denying her motion for a new trial.

[1]Reported in 212 N. W. 456.

1. What facts constitute probable cause is for the court; but what the facts are, if there is a dispute about them, is for the jury. Polzin v. Lischefska, 164 Minn. 260, 204 N. W. 885; Eastman v. Leiser Co. 148 Minn. 96, 181 N. W. 109; Williams v. Pullman Co. 129 Minn. 97, 151 N. W. 895, Ann. Cas. 1916E, 374; Cox v. Lauritsen, 126 Minn. 128, 147 N. W. 1093; Dun. Dig. and Supp. § 5743.

2. The burden of proving want of probable cause is upon the plaintiff. Hanowitz v. G. N. Ry. Co. 122 Minn. 241, 142 N. W. 196; Lammers v. Mason, 123 Minn. 204, 143 N. W. 359; Cox v. Lauritsen, 126 Minn. 128, 147 N. W. 1093; Smith v. Munch, 65 Minn. 256, 68 N. W. 19; Dun. Dig. and Supp. § 5743.

3. The petition for an inquiry into the sanity of the plaintiff was signed by Fred Bratschi. Miss Bresky participated in its preparation. The record is confusing and lacking in direct proof. Upon a thorough consideration of it we are of the view that there was not a dispute in the facts requiring them to be submitted to a jury; and passing upon them without a jury they do not show want of probable cause. If the burden were upon the defendants to prove probable cause the result might be different. With the burden on the plaintiff she cannot prevail.

The plaintiff introduced the testimony taken before the insanity board in the probate court as a part of her case. It was introduced to prove either want of probable cause, or malice, or both. If of any force it tended to show the existence of probable cause and surely had no tendency to show the want of it. Miss Bresky's testimony in the probate court was rambling and perhaps suggestive of ill will, but not of want of probable cause.

The insanity commission discharged the plaintiff and found the claim of the petitioner unfounded. This vindicates her. It is unfortunate that the proceeding was instituted. When such a proceeding justly fails, as it did in the probate court, it does not follow that its maintenance constitutes malicious prosecution.

Order affirmed.