## HERMAN BESKE v. A. D. SACKETT.[1]

February 24, 1928.

No. 26,501.

**Verdict sustained in action for malicious prosecution.**
> Evidence in an action for malicious prosecution examined and *held* to sustain the verdict for plaintiff.

Defendant appealed from an order of the district court for Waseca county, Senn, J. denying his motion for a new trial. Affirmed.

*Albert F. Pratt,* Attorney General, and *Victor E. Anderson,* Assistant Attorney General, for appellant.

*L. D. Rogers* and *Gallagher, Madden & Gallagher,* for respondent.

STONE, J.

In this action for malicious prosecution plaintiff had a verdict, and defendant appeals from the order denying his motion for a new trial.

During the summer of 1926 plaintiff was the president of the council of the village of Janesville in Waseca county, and defendant the weed inspector of the county. Defendant was emphatic in his insistence that plaintiff perform the duty imposed upon him by L. 1925, p. 478, c. 377. By § 5(b) of that statute "the chief executive and governing board of each municipality" are required to cause to be cut down, otherwise destroyed or eradicated, all noxious weeds on the public grounds, roads, streets and alleys within the limits of the municipality between June 1 and October 15. Defendant was zealous in the performance of his duties as the county weed inspector, and properly so, for the record demonstrates the presence in Janesville during the summer of 1926 of so much perennial sow thistle that, if left unmolested, it might have seeded the entire country-side. As a weed pest, ruinous of crops, there is nothing much worse. Single plants are said to mature from 100,000

[1]Reported in 218 N. W. 562.

to 500,000 seeds, each seed equipped with its own peplus or parachute wherewith to travel easily and far on even a light wind.

There is evidence of some personal feeling between Beske and Sackett. There may have been an old quarrel on an unrelated subject. During the summer of 1926 an issue developed as to whether certain weeds appearing around an old mill dump and at some other places in the village were sow thistles. Plaintiff was inexcusably stubborn on that point, and defendant clearly in the right. Apparently the pest had been imported to the neighborhood through a local mill and sown from its refuse. Be that as it may, on August 9, 1926, proceeding under the first subdivision of § 8 of the statute, defendant served upon plaintiff a notice requiring him to have the weeds cut at certain designated places in Janesville within two days. The evidence makes a clear fact issue whether the notice was complied with. Defendant was mistaken, but honestly so, in assuming that the two-day period of his notice would expire on the 10th instead of the 11th of August. On the afternoon of the 11th he made criminal complaint against plaintiff, who on the 12th was arrested. He was detained by the sheriff for a short time and released on bail. Thereafter the charge against him was dismissed. This action followed.

Without detailing the facts, we are satisfied that the record furnishes a basis for the conclusion of the jury that defendant did not rely upon the advice of the county attorney in making the criminal complaint. There is testimony that he proceeded aggressively, on his own initiative, and insisted on having a warrant against plaintiff in any event, regardless of the view of the county attorney. Also on the question of malice there is enough evidence of personal feeling of such a character and so unrelated, in origin at least, to the official duties of the defendant that the verdict, so far as that issue goes, must stand. There is testimony that he had determined to have "that Beske" arrested regardless of what doubtless appeared to the jury as a compliance with the law and the notice served by defendant.

The remaining issue was that of probable cause, which is ultimately for the court. But frequently it must be answered from

conflicting facts. In such a case the conflict of fact is to be resolved by the jury. Polzin v. Lischefska, 164 Minn. 260, 204 N. W. 885. And here also we think the verdict is sustained. There is much evidence for plaintiff that all the weeds, at the places complained of particularly by defendant and covered by his notice, had been cut before the notice was served and were cut again sometime during the 9th, 10th and 11th of August. If that evidence was true, and the jury thought it was, the issue of probable cause properly went against defendant. The record suggests that the result is regrettable and that defendant's mistake, if any, was caused in being over-zealous in the performance of official duties in which excessive zeal ordinarily is to be commended and rewarded rather than condemned and punished. But that possibility is not enough to permit us to interfere at this stage.

Order affirmed.

HILTON, J. took no part.

UPON PETITION FOR REHEARING.

On April 13, 1928, the following opinion was filed:

STONE, J.

Defendant's petition for rehearing is denied, but it deserves comment at least to this extent. The opinion is criticized, and probably deserves criticism, for making no mention of certain assignments of error predicated upon instructions to the jury. It is the purpose of this memorandum to make good that omission.

Among other things the learned trial judge told the jury: "If you find in this case that the prosecution * * * was without probable cause, then there was malice on the part of the defendant in instituting the prosecution." That, standing alone, was error, because contrary to the rule of Hanowitz v. G. N. Ry. Co. 122 Minn. 241, 142 N. W. 196. But in another connection, after having defined separately and at length, as distinct elements of the cause of action, both malice and probable cause, the jury was told that plaintiff had the burden of proof as to both of them. The charge is open to the criticism made of it, that to the extent already indicated it

was erroneous and on the whole somewhat contradictory. But it is impossible to presume prejudice. Aside from that, before the case went to the jury counsel were asked by the court whether there were "any inadvertencies" to which they desired to invite attention. There was no answer. Moreover, the one instruction requested on the part of the defendant did not go either to the element of malice or that of probable cause. In such a situation and on such a record we remain unable to perceive any ground for reversal.