## JOHN HLUBEK v. ERNST PINSKE.[1]

November 15, 1901.

Nos. 12,742—(61).

### Malicious Prosecution.

In malicious prosecution for having accused plaintiff of burning defendant's property, it was competent for defendant to show, in mitigation of damages, that the character of plaintiff for honesty and integrity was bad.

### Same—Evidence of Bad Character.

Where testimony has been introduced to show the bad character of a party who maintains an action for malicious prosecution, such bad character, if known to the party making the accusation, is material, as tending to show the existence of probable cause, and to rebut the malice of the prosecutor.

### Expense of Defense.

In an action for malicious prosecution the plaintiff's expenses in defending himself upon the criminal charge against him constitute a proper element of damage, but the value of the services must be proved before they can be recovered. Mitchell v. Davies, 51 Minn. 168, followed.

[1] Reported in 87 N. W. 939.

Action in the district court for Norman county to recover $5,000 damages for malicious prosecution. The case was tried before Watts, J., and a jury, which rendered a verdict in favor of plaintiff for $150. From an order denying a motion for a new trial, defendant appealed. Reversed.

*Peter Sharpe* and *O. Mosness*, for appellant.

*Calkins, Gray & Gray*, for respondent.

LOVELY, J.

Plaintiff and defendant were neighbors. Hostile and unfriendly feelings had grown up between them, which had continued for several years. Defendant charged plaintiff before a justice of the peace with the crime of arson. Upon the hearing before the magistrate, plaintiff was held to the grand jury. No indictment was returned. Plaintiff then brought action for malicious prosecution, in which he had a verdict. Motion for a new trial was overruled. From this order defendant, by appeal, brings the record to this court for review.

On the trial evidence was given to the effect that plaintiff's wife had at a time previous to the burning of the property warned defendant that her husband, whom she charged with maltreating her, was dangerous and would burn defendant's hay. Defendant attempted to prove that plaintiff's reputation for honesty and integrity in the neighborhood was bad. This testimony was excluded by the trial court, but defendant was allowed to show that the reputation of plaintiff was that of a dangerous man, and that his reputation as a law-abiding citizen was bad. It may be doubted whether the defendant on the trial below so presented his right to show that the reputation of plaintiff for honesty and integrity was bad that he can require us to pass upon the exclusion of that evidence here. We have no doubt that it was competent for defendant to show that fact, at least in mitigation of damages. A man of honesty and integrity would not seemingly be guilty of the crime of arson, and if the plaintiff was entitled to damages for injury to his good name and character, which was involved directly in the issue, and had a bad reputation in those respects, defendant's accusation against him could not have been

as injurious as if his reputation had been good. However, as this case must be reversed upon other grounds, it is not probable that this evidence will be presented in the same way again.

The trial court in its charge instructed the jury that the plaintiff's bad character in any case was not competent evidence of probable cause for making the criminal accusation. This was duly excepted to. The instruction of the trial court in this respect finds support in some cases, but we are inclined to the opinion that where a person maintains a suit for malicious prosecution he thereby challenges an inquest upon his character, which, when thus put in issue, naturally becomes the subject of inquiry.

The most baneful effect of a criminal prosecution consists in its injury to the character of the person accused, since it is but one among the common experiences of human life that a person of depraved character, who has acquired a reputation for criminal misconduct, will be more readily, as well as reasonably, suspected of the commission of crime, than one whose character stands high and is without reproach in the speech of his fellow men. It is not the policy of the law to discourage investigation into the sources of crime; hence it would seem to be but just to allow some weight to a natural and reasonable inclination to take into account the character as evidenced by common reputation of the suspected person in such case, if known to the prosecutor.

These considerations have led courts of highest respectability to hold that proof of bad reputation, when properly limited to the issue involved, is competent and material in its tendency to repel malice on the part of the prosecutor, as well as to show probable cause in setting the criminal proceedings in operation. McIntire v. Levering, 148 Mass. 546, 20 N. E. 191, 12 Am. St. Rep. 594, and cases cited. Evidence to prove the bad character of the plaintiff having been properly received, to some extent the instruction of the court tending to diminish the effect of such evidence upon the material issue of probable cause must be regarded as prejudicial to the defendant. It follows that the instruction of the trial court in the respect indicated was error.

During the trial no evidence was introduced to show what the plaintiff had paid in making his defense upon the accusation be-

fore the magistrate or in the district court. Nevertheless the trial court instructed the jury that it might, in awarding his damages, if they found for the plaintiff, consider his expenses therein. This instruction, which was excepted to, was clearly erroneous, under the previous ruling of this court in Mitchell v. Davies, 51 Minn. 168, 53 N. W. 363.

For the errors in the charge of the court, there must be a new trial.

Order reversed.