## ISIDOR SHAFER v. PETER HERTZIG.[1]

### May 13, 1904.

### Nos. 13,856—(81).

**Malicious Prosecution.**

In an action for malicious prosecution the question whether a certain state of facts shows the existence of probable cause is for the court, yet the existence of such facts and all reasonable inferences favorable to the prosecutor are for the jury.

**Probable Cause.**

In such action it is enough to excuse the prosecutor if he exercises such a degree of impartiality and freedom from prejudice as can be fairly expected from an ordinarily prudent man acting without malice.

**Slander of Female.**

In a criminal prosecution instituted for the slander of a female, under section 6507, G. S. 1894, where information thereof was conveyed to the husband by third parties, and he took witnesses who claimed to have heard the slanders to a magistrate, and requested the latter to examine them, and "satisfy himself," which was done, whereupon the husband made complaint against the plaintiff without other knowledge thereof, upon which the latter was tried and discharged, held:

1. That the acquittal of the accused did not furnish any evidence of the want of probable cause.

2. Nor did the fact that the prosecutor did not himself hear the alleged slander spoken establish the want of good faith or reasonable grounds for a criminal proceeding under the statute.

3. That, notwithstanding the delay of the prosecutor in instituting the criminal suit, his good faith or absence of malice was for the jury, and it was error for the court to decide that issue as a matter of law.

[1] Reported in 99 N. W. 800.

Appeal by defendant from an order of the district court for Goodhue county, Williston, J., denying a motion for judgment notwithstanding the verdict or for a new trial, after a trial and verdict in favor of plaintiff for $145.  Reversed and new trial granted.

*Fraser & Fraser* and *Albert Johnson,* for appellant.

In an action for malicious prosecution the burden of proof is on plaintiff to prove his complaint. . He is required to prove the institution of the proceedings, a lack of probable cause and malice and malicious motive on the part of the defendant.  A prima facie case is not made by proving the signing of the criminal complaint and the acquittal of plaintiff or failure of the proceedings, nor by proof that defendant was not present and did not hear the slanderous words spoken.  The presumption of law is that every prosecution for a crime is founded on probable cause and is instituted only for the purpose of justice.  19 Am. & Eng. Enc. (2d Ed.) 650, 660, note 4.

Under the general denial the questions of probable cause, good faith and absence of malice, advice of counsel, termination of prosecution, and whether instigated by defendant, were all raised, and the burden of proving these is on plaintiff.  13 Enc. Pl. & Pr. 458, 459, 460.  The plaintiff totally failed to prove a lack of probable cause and the court should have directed a verdict for defendant.  13 Enc. Pl. & Pr. 466, 467, and note 1; Tabert v. Cooley (46 Minn. 366) 13 L. R. A. 464, note; 19 Am. & Eng. Enc. (2d Ed.) 700, note 7; Harpham v. Whitney, 77 Ill. 32, 42; Cloon v. Gerry, 13 Gray (Mass.) 201; Besson v. Southard, 10 N. Y. 236; Ferguson v. Arnow, 142 N. Y. 580; Thaule v. Krekeler, 81 N. Y. 428; Bacon v. Towne, 4 Cush. 217, 218.

The court could not assume malice, as a matter of law, even if he was justified in holding that there was want of probable cause.  Hatjie v. Hare, 68 Vt. 247.  Punitive damages should never be allowed until the jury first finds malice, and this is a question for the jury, though in this case there was no evidence of malice such as would warrant punitive damages.  12 Am. & Eng. Enc. (2d Ed.) 23, 51; Seeman v. Feeney, 19 Minn. 54 (79); Baumier v. Antiau, 65 Mich. 31; Stewart v. Sonneborn, 98 U. S. 192, 193.

*F. M. Wilson* and *J. F. Merrill,* for respondent.

LOVELY, J.

Action for malicious prosecution. There was a verdict for the plaintiff. A motion by defendant for judgment or new trial in the alternative, was denied. From this order defendant appeals.

The complaint sets forth a cause of action for the prosecution of plaintiff before a justice of the peace of the village of Pine Island for having maliciously used defamatory words in the presence of third parties concerning defendant's wife, which exposed her to contempt and ridicule, in violation of section 6507, G. S. 1894. The plaintiff was arrested upon the complaint of defendant here. There was a trial before the magistrate. The plaintiff was discharged, and brought this suit for the damages he claims to have sustained.

When the cause was submitted, the trial court instructed the jury that the evidence was not sufficient to show that defendant had probable cause for instituting the prosecution before the justice, and directed a verdict for the plaintiff for such damages as it should be found he was entitled to recover. While the inquiry on such an issue makes the sufficiency of the facts to justify a criminal accusation in any case a question for the court, yet the right to have such facts and all fair and reasonable inferences deducible therefrom affecting the good faith of the prosecutor submitted cannot be questioned. Cole v. Curtis, 16 Minn. 161 (182); Burton v. St. Paul, M. & M. Ry. Co., 33 Minn. 189, 22 N. W. 300.

The alleged slander of defendant's wife consisted of oral statements claimed to have been made by plaintiff in a narration of her conduct at a wedding party (in February, 1901, at Zumbrota), when her husband (defendant here) was not present, wherein she was accused of such indelicate behavior in the presence of the male guests as indicated a disregard of chastity and common decency and would naturally excite the contempt and reprehension of respectable people. The sufficiency of the complaint to bring the case within the statute which inhibits the slander of females is not and could not be disputed. While such statements were not directly repeated to defendant, or in his presence, it was claimed they were to others two days after the wedding party. The persons to whom they were said to have been made gave information thereof to defendant, upon which he based the criminal proceeding,

though it was not commenced until a year and two months afterwards, and it does not appear when defendant first received his information from the recipients of the obnoxious utterances. Defendant, when he went before the magistrate to enter his complaint, secured the attendance of two of his informants, who accompanied him, and were examined under oath by the justice, as authorized under section 5095, G. S. 1894.

The justice upon the trial of this cause testified that these witnesses, when produced, were sworn and interrogated by him at the request of defendant, who desired the magistrate to "satisfy himself before issuing the warrant." Evidently defendant must have heard their statements under oath, and there is nothing to indicate that he had any reason to doubt them. Defendant, on the trial of this action, was called for cross-examination, and admitted that he did not himself hear the alleged slanders repeated by plaintiff, or know of his own knowledge that they were uttered by him, and it was insisted in this court that the lack of such knowledge justified the course adopted by the learned trial judge in withdrawing the submission of the question of probable cause from the jury. There was no proof of hostilities between the parties, or anything in the record to show malice towards plaintiff by defendant, except the facts above summarized and the discharge of the accused by the justice.

The evidence went no further than to establish that a presumably respectable citizen received information from two persons, without any apparent reason to doubt their credibility, to the effect that accusations which reflected upon the character of his wife had been put in circulation. Upon this information, at the request of the husband, who it must be assumed would be injured thereby, he went before a magistrate more than a year after the charges were made, presented his informants, asked to have their evidence taken, which was received, and reasonably tended to show that the law had been violated. After this he made complaint, upon which a warrant for the violation of the statute was issued, and subsequent proceedings had. It seems very clear that the inferences to be drawn from the facts tending to show the existence or absence of probable cause and reasonable grounds for the prosecution before the justice were for the jury. The defendant having made

no claim to act upon his own knowledge, the discharge cannot be treated as creating any presumption of bad faith. Chapman v. Dodd, 10 Minn. 277 (350).

That defendant delayed more than a year after the alleged utterance of the slander before he commenced the prosecution might depend upon when he first heard of its circulation, his disposition to act with deliberation and caution, or his ability to obtain the attendance of witnesses before the magistrate. These considerations would suggest grounds of criticism and argument, but certainly do not convict defendant of bad faith, nor show that he had no reasonable ground for acting upon statements first made to him by third parties, and afterwards in his presence submitted to the justice upon the oath of his informants, upon which he presumably acted judiciously. While the defendant did not himself hear the repetition of the alleged slanders by plaintiff, if, upon the information he received, he believed that his wife's chastity had been unjustly assailed, he was the proper person to prosecute the slanderer, and had an interest in seeking an appropriate remedy through the adoption of legal methods. No one else would be as likely to do so, although the public also had an interest in the prosecution of defamers of the female sex.

It may well be doubted if the slanderer in such cases would indulge in his aspersions in presence of the injured husband. An obvious reason would suggest itself why he would not, and we cannot hold, where the husband, under such circumstances, seeks the aid of the statute to vindicate his own household's credit, that the absence of actual knowledge, which would make him a witness at the trial, is determinative of his right to institute the prosecution. It is not the policy of the law to discourage investigation into the sources of crime, or to impose such difficulties in the way of judicial proceedings therefor as to constitute barriers to the administration of justice and discourage the institution of necessary criminal prosecutions. This would be the case if only witnesses to the substantive facts could make complaint. Shute v. Barrett, 7 Pick. 83; 19 Am. & Eng. Enc. (2d Ed.) 658; Tabert v. Cooley, 46 Minn. 366, 49 N. W. 124; Hlubek v. Pinske, 84 Minn. 363, 87 N. W. 939. It is enough if the prosecutor, upon fair information and just grounds of belief, proceeds with such a degree of impartiality, reasonableness, and freedom from prejudice as can justly be expected

of a man of ordinary prudence and caution acting without malice. Casey v. Sevatson, 30 Minn. 516, 16 N. W. 407.

We are satisfied that the evidence in this case was such as to make the question of defendant's malice, upon which his good faith and the existence of probable cause must depend, a question for the jury, which is independent of plaintiff's real innocence of the crime which was charged against him before the justice.

We are asked in this case to order judgment for the defendant, but upon the entire evidence, and the possible explanations of suggested matters that might reasonably be expected to appear on another hearing, we are not inclined to adopt this course. The view we have taken dispenses with the consideration of any assignments of error not specifically noticed, but for the error of the trial court in withdrawing the issue of probable cause from the jury the order appealed from is reversed.

The order appealed from is reversed, and a new trial granted.