Michael Charles **LUNDBERG**, Appellant,

v.

Dana **SCOGGINS**, Respondent.

No. C5–82–1410.

Supreme Court of Minnesota.

June 17, 1983.

Meshbesher, Singer & Spence, Ronald I. Meshbesher, Michael C. Snyder and Patrick K. Horan, Minneapolis, for appellant.

Meagher, Geer, Markham, Anderson, Adamson, Flaskamp & Brennan, James M. Riley and James F. Roegge, Minneapolis, for respondent.

PETERSON, Justice.

The issue presented in this case, one of first impression, is whether a complaint of negligent accusation and misidentification of a criminal suspect states a claim upon which relief can be granted. We hold that it does not, for longstanding public policy reasons encouraging witness/victim participation in criminal investigations and prosecutions.

The issue arises in the following factual context. Defendant was sexually assaulted as she was walking home from a bus stop. A man grabbed her, pushed a sharp object against her side, and ordered, "Don't scream, I've got a knife." He then raped her.

Defendant informed police that she could identify her attacker as someone she had met at a neighborhood party a week and one-half prior to the assault. Several independent witnesses confirmed the fact that defendant had met plaintiff at the party.

The Minneapolis Police Department instituted an investigation into the crime. Defendant viewed a series of six photographs, one of which was plaintiff, but she was unable to make any identification. The police subsequently asked defendant to view a live lineup at the police department. Each lineup participant was required to step forward and say, "Don't scream, I've got a knife." From this lineup, defendant identified plaintiff as the man who raped her. She gave a formal statement to the police, stating her certainty that plaintiff was the assailant.

Based upon this information, plaintiff was arrested and placed in custody. Thereafter, laboratory results of blood groupings and secretion grouping tests established that plaintiff could not have been the person who sexually assaulted defendant. The county attorney dismissed all charges.

Plaintiff then brought an action against defendant, alleging that she negligently accused and misidentified him as her attacker and demanding judgment against defendant for the harm caused him by such negligence. The trial court dismissed the complaint because it failed to state a claim upon which relief could be granted.

Although the specific issue is one of first impression, our decision is controlled by a well-established body of law relating to an analogous claim of malicious prosecution.

**236**

This action has always been carefully circumscribed, and not favored in law, the reason being that "public policy favors * * prosecutions and affords such protection of another in good faith and on reasonable grounds as is essential to public justice * * *." 54 C.J.S. *Malicious Prosecution* § 3 (1948). In prior malicious prosecution actions we reiterated, in *dicta,* our longstanding public policy of not discouraging criminal investigations. *Allen v. Osco Drug, Inc.,* 265 N.W.2d 639, 642 (Minn.1978) (citing Prosser, Torts (4th ed.) § 119, p. 846); *Shafer v. Hertzig,* 92 Minn. 171, 175, 99 N.W. 796, 798 (1904); *Smith v. Munch,* 65 Minn. 256, 259–260, 68 N.W. 19, 20–21 (1896).

The public policy limiting malicious prosecution actions applies with especial force to actions which would make witnesses or victims liable for their negligence in assisting criminal investigations or prosecutions. Persons having knowledge of crimes, as a fundamental duty of citizenship, are encouraged, if not obligated, to report and assist in investigation and prosecution of these crimes. We take judicial notice of the fact that many persons are regrettably reluctant to "become involved" in the reporting and investigation of crimes. A threat of an action—which does not include an element of maliciousness—would serve to further discourage citizen participation in criminal investigations and prosecutions. Tempered by this reality, we accordingly affirm the dismissal of the complaint for failure to state a claim upon which relief can be granted.

Affirmed.

COYNE, J., took no part in the consideration or decision of this case.