TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-96-00284-CV






Michael G. Smith, Appellant



v.



David L. Sneed, D.O., Individually and 


d/b/a The South Austin Family Practice Clinic, Appellees





FROM THE DISTRICT COURT OF TRAVIS COUNTY, 201ST JUDICIAL DISTRICT

NO. 94-12657-B, HONORABLE PETE LOWRY, JUDGE PRESIDING






 Appellant, Michael G. Smith, sued appellees, David L. Sneed, D.O., individually and d/b/a
the South Austin Family Practice Clinic (collectively "Sneed"), alleging negligence, negligent
misrepresentation, and false imprisonment. The district court granted summary judgment in favor of Sneed. 
Smith now appeals, arguing in three points of error that the trial court erred in concluding that: (1) Sneed
did not owe a duty to Smith; (2) Smith could not maintain an action for negligent misrepresentation against
Sneed; and (3) Smith could not maintain an action against Sneed for false imprisonment. We will affirm
the judgment of the trial court.


FACTUAL AND PROCEDURAL BACKGROUND

 On July 27, 1992, Smith obtained a prescription from Sneed for Soma, a prescription
muscle relaxant Smith was using for treatment of chronic back pain. On October 8, 1992, two and one-half months after the prescription had been issued, Smith presented it to a Wal-Mart pharmacy. The
pharmacist on duty, Mark Zamutt, suspicious that a "zero" had been added to this prescription to make
it appear to be for 360 Soma tablets, called Dr. Sneed's office to determine if the prescription was a
forgery. During his conversation with a nurse at Dr. Sneed's office, Zamutt was told that the prescription
was written for only thirty-six tablets of Soma.

 After speaking with the nurse, Zamutt "gestured" to another Wal-Mart pharmacist, who
called the police. A police officer arrived at the pharmacy and telephoned Dr. Sneed, who told him that
he wrote the prescription for only thirty-six tablets of Soma and that Smith was on probation for previously
altering a prescription. Smith was then arrested and charged with attempting to obtain a controlled
substance by fraud. See Tex. Health & Safety Code Ann. § 481.129 (West Supp. 1997). Smith was
incarcerated for four days before he was able to post bond. (1)

 In July 1993, Smith's case of attempting to obtain drugs by fraud went to trial in Travis
County Court. The State subpoenaed Dr. Sneed to appear as a witness and produce the records he
maintained on Smith. At the courthouse, Dr. Sneed examined Smith's records and concluded that, in fact,
he had written Smith's prescription for 360 tablets of Soma. The criminal case against Smith for
fraudulently obtaining prescription medication was immediately dismissed.

 Smith subsequently sued Sneed and Wal-Mart for negligence, negligent misrepresentation,
and false imprisonment. Sneed first moved for partial summary judgment on Smith's claim of false
imprisonment, which was granted. Sneed later sought and obtained summary judgment on Smith's
remaining causes of action. The trial court severed the suit against Sneed, thus allowing the judgment in his
favor to become final.

.

DISCUSSION


 The standards for reviewing a summary judgment are well established: (1) the movant for
summary judgment has the burden of showing that there is no genuine issue of material fact and that it is
entitled to summary judgment as a matter of law; (2) in deciding whether there is a disputed fact issue
precluding summary judgment, evidence favorable to the nonmovant will be taken as true; and (3) every
inference must be indulged in favor of the nonmovant and any doubts resolved in its favor. Nixon v. Mr.
Property Management Co., 690 S.W.2d 546, 548-49 (Tex. 1985). The function of summary judgment
is not to deprive litigants of the right to trial by jury, but to eliminate patently non-meritorious claims and
defenses. See Gulbenkian v. Penn, 252 S.W.2d 929, 931 (Tex. 1952).

 In his first point of error, Smith contends that Sneed owed him a duty not to report false
information to Wal-Mart employees, and that Sneed's breach of that duty caused Smith to be arrested. 
Where an individual is implicated in a crime, subsequently exonerated, and then brings a claim for damages
caused by the disclosure of information to the police and the criminal prosecution, such a complaint is in
essence a claim for malicious prosecution. See, e.g., Browning-Ferris Indus., Inc. v. Lieck, 881 S.W.2d
288 (Tex. 1994); Brookshire Grocery Co. v. Richey, 899 S.W.2d 331 (Tex. App.--Tyler 1995, writ
granted); Coniglio v. Snyder, 756 S.W.2d 743 (Tex. App.--Corpus Christi 1988, writ denied). Smith,
however, is not asserting a claim for malicious prosecution; (2) rather, his claim, based on Sneed's failure to
verify his prescription records when requested to do so by the Wal-Mart pharmacist, sounds in negligence. 
Thus, we must determine whether Sneed owed Smith a duty of care independent of that required by the
tort of malicious prosecution, i.e., whether Smith can recover for Sneed's alleged negligence in falsely
reporting a crime. Our discussion is aided by first analyzing the policy behind the tort of malicious
prosecution.

 Actions for malicious prosecution are disfavored in the law, because of their inherent
tendency to stultify the reporting of crimes. Diamond Shamrock Corp. v. Ortiz, 753 S.W.2d 238, 241
(Tex. App.--Corpus Christi 1988, writ denied); Ada Oil Co. v. Dillaberry, 440 S.W.2d 902 (Tex. Civ.
App.--Houston [14th Dist.] 1969, writ dism'd w.o.j.); Reed v. Lindley, 240 S.W. 348, 351 (Tex. Civ.
App.--Fort Worth 1922, no writ). Thus, courts stringently enforce five requirements for recovery under
a malicious prosecution claim: (1) commencement of a criminal prosecution; (2) with malice; (3) without
probable cause; (4) the prosecution ended in acquittal; and (5) damages. Coniglio, 756 S.W.2d at 744. 
In this context, the requirement of "malice" is satisfied by a showing that the offending actions were taken
with reckless disregard for the rights of others. Ellis County State Bank v. Keever, 870 S.W.2d63, 69
(Tex. App--Dallas 1992), aff'd in part, rev'd in part on other grounds, 888 S.W.2d 790 (Tex. 1994).

 The tort of malicious prosecution serves an important purpose. It exists between the
tension of two important societal interests: encouraging the reporting of crimes and discouraging wrongful
or unjustifiable prosecution. As stated by the supreme court:


 It is important that every citizen should be protected against malicious prosecutions, and
it is equally important that crimes should be punished, in order that the law abiding citizen
may be secure in life, liberty and property. To make a citizen liable to be mulcted in
damages for an honest discharge of duty is to give immunity to crime, and to weaken the
restraining power of the criminal law, thereby endangering the security of law abiding
people.


Sebastian v. Cheney, 25 S.W. 691, 694 (Tex. 1894).

 In order to maintain this delicate balance between encouraging people to report crimes
and avoiding oppressive litigation of criminal charges, individuals cannot be held liable where their purpose
in making an accusation was the socially beneficial one of bringing an offender to justice, without a malicious
intent. Texas courts have long recognized a strong public policy in favor of exposing crime. See Parker
v. Dallas Hunting & Fishing Club, 463 S.W.2d 496, 499 (Tex. Civ. App.--Dallas 1971, no writ); see
also Montgomery Ward v. Kirkland, 225 S.W.2d 906, 909 (Tex. Civ. App.--San Antonio 1949, writ
ref'd n.r.e.); cf. Goodyear Tire & Rubber Co. v. Sanford, 540 S.W.2d 478, 483-84 (Tex. Civ.
App.--Houston [14th Dist.] 1976, no writ) (agreement tending to stifle reporting and prosecution of crime
is void as against public policy). The efficient enforcement of criminal law requires that "private persons
who aid in the enforcement of the law should be given an effective protection against the prejudice that is
likely to arise from the termination of prosecution in favor of the accused." Lieck, 881 S.W.2d at 290
(citing Restatement (Second) of Torts ch. 29, intro. note, at 405 (1977)). This policy justifies the various
restrictions and limitations applicable to malicious prosecution suits complaining of criminal proceedings and
explains why such actions are disfavored in the law.

 The same policy applies to our consideration of Smith's negligence claim. See id.; see also
Daughtry v. Blanket State Bank, 60 S.W.2d 272, 273 (Tex. Civ. App.--Austin 1933, no writ). The
balance of factors leans toward allowing wide latitude in reporting facts to prosecuting authorities to ensure
that the exposure of crime is not discouraged. A threat of action that does not require an element of
maliciousness would serve to discourage citizen participation in criminal investigations and prosecutions and
threaten the delicate balance between protecting against wrongful prosecution and encouraging the
reporting of crime. Thus, in the absence of an accuser's having ill will, evil motive to injure another, or
reckless disregard of the rights of another, an individual cannot recover for being wrongfully accused of a
crime. See Closs v. Goose Creek Consol. Indep. Sch. Dist., 874 S.W.2d 859, 879 (Tex.
App.--Texarkana 1994, no writ). The social policy factors militate against recovery in tort for damage
caused by an incorrect, but nonmalicious, prosecution. (3) 

 There is no guarantee in our society that only guilty persons will be accused and arrested. 
Baker v. McCollan, 443 U.S. 137, 145 (1979). Except in cases for which malicious prosecution is a
viable remedy, a person wrongfully accused of a crime must bear a risk of being subjected to prosecution. 
Otherwise, those who suspect wrongful activity may be intimidated from speaking about it to the proper
authorities for fear of becoming embroiled themselves in the hazards of lengthy and expensive litigation. 
See Fowler V. Harper, Malicious Prosecution, False Imprisonment and Defamation, 15 Tex. L. Rev.
157, 168 (1937). For these reasons, the balance of factors weighs heavily against the wrongly accused. 
It is unfortunate that this balance may sometimes

 result in "something less than natural justice." See Louis v. Blalock, 543 S.W.2d 715, 719 (Tex. Civ.
App.--Amarillo 1976, writ ref'd n.r.e.). Yet, allowing the accused to recover in negligence poses too
great a disincentive for people to cooperate freely with law enforcement officials. To hold, as Smith would
have us do, that Sneed's negligence is actionable would in substance convert the tort of malicious
prosecution to one of negligent prosecution. We therefore decline to hold that a duty exists outside the torts
of malicious prosecution and defamation not to falsely accuse someone of criminal wrongdoing. See ITT
Consumer Fin. Corp. v. Tovar, 932 S.W.2d 147, 155-56 (Tex. App.--Fort Worth 1996, writ
requested); Campbell v. City of San Antonio, 43 F.3d 973, 981 (5th Cir. 1995); see also Pokorny v.
First Fed. Savs. & Loan Assoc. of Largo, 382 So.2d 678, 683 (Fla. 1990); Lundberg v. Scoggins, 335
N.W.2d 235, 236 (Minn. 1983). We overrule point of error one.

 In his second point of error, Smith claims that the trial court erred in granting summary
judgment on his cause of action for negligent misrepresentation. To prevail in an action for negligent
misrepresentation, a plaintiff must prove that: (1) the defendant made the representation in the course of
its business or in a transaction in which it has a pecuniary interest; (2) the defendant supplied false
information for the guidance of others in their business; (3) the defendant did not exercise reasonable care
or competence in obtaining or communicating the information; and (4) the plaintiff suffered pecuniary loss
by justifiably relying on the representation. Federal Land Bank Ass'n v. Sloane, 825 S.W.2d 439, 442
(Tex. 1991) (citing Restatement (Second) of Torts § 552(1) (1977)).

 Smith contends that Sneed made misrepresentations to Zamutt, the Wal-Mart pharmacist,
when Sneed told Zamutt that he did not write Smith's prescription for 360 tablets of Soma. Even assuming
all of the other elements of negligent misrepresentation were met, the summary judgment evidence shows
conclusively that Smith did not rely on these representations. Rather, these apparent misrepresentations
were spoken to and relied upon by Zamutt and the police officer who arrested Smith. Smith could not rely
on representations and statements that Sneed made to others and of which Smith was unaware.

 Smith also asserts that Sneed made negligent misrepresentations directly to him by writing
the prescription for 360 tablets of Soma. Smith contends that the prescription itself constitutes an express
representation by Sneed that Smith could present the prescription at a pharmacy and obtain 360 tablets
of Soma without being subjected to an accusation of forgery and an arrest instigated by Sneed. We
disagree. Even if the prescription constituted such an express representation, it was at most a promise to
verify the prescription in the future. In order to establish a cause of action for negligent misrepresentation,
however, there must be proof of the false representation of an existing fact, not the breach of a future
promise. See Williams v. City of Midland, 932 S.W.2d 679, 684 (Tex. App.--El Paso 1996, no writ);
Airborne Freight Corp., Inc. v. C.R. Lee Enters., Inc., 847 S.W.2d 289, 294 (Tex. App.--El Paso
1992, writ denied). We overrule point of error two.

 In his third point of error, Smith contends that the trial court erred in granting Sneed's first
motion for summary judgment on Smith's claim of false imprisonment, because there was an issue of
material fact as to whether Sneed requested or directed Smith's detention and arrest. We disagree. The
essential elements of a claim of false imprisonment are: (1) willful detention; (2) without consent; and (3)
without authority of law. Sears, Roebuck & Co. v. Castillo, 693 S.W.2d 374, 375 (Tex. 1985). 
Generally, liability may extend to anyone who directs, requests, or participates in a detention, including the
detention of a private citizen whom the defendant identifies as the perpetrator of a crime. Bossin v.
Towber, 894 S.W.2d 25, 29 (Tex. App--Houston [14th Dist.] 1994, writ denied); Halbert v. City of
Sherman, 33 F.3d 526, 528 (5th Cir. 1994).

 Sneed's motion for partial summary judgment was supported by an affidavit in which Dr.
Sneed stated clearly and unequivocally that he never requested or directed a police officer to arrest Smith. 
In response, Smith points to the deposition testimony of Zamutt, the Wal-Mart pharmacist who detained
Smith. Although Zamutt's testimony arguably indicates that Sneed requested him to have Smith arrested,
the pharmacist's deposition was not before the trial court at the first summary judgment hearing on Smith's
false imprisonment claim, nor when the trial court granted partial summary judgment on that claim. In fact,
Zamutt's deposition had not even been taken when Sneed's first summary judgment hearing was held. 
Zamutt's deposition was taken prior to the hearing on Sneed's second motion for summary judgment, but
Smith never filed a motion to reconsider the partial summary judgment on Smith's false imprisonment claim. 
An appellate court may consider only the record as it properly appeared when the summary judgment
motion was heard. See Oden v. Marrs, 880 S.W.2d 451, 454 (Tex. App.--Texarkana 1994, no writ);
Nicholson v. Memorial Hosp. System, 722 S.W.2d 746, 749 (Tex. App.--Houston [14th Dist.] 1986,
writ ref'd n.r.e.). The deposition of the Wal-Mart pharmacist was not part of the record before the trial
court at the time of the first summary judgment hearing and thus cannot be considered in this appeal. See
id.

 Unlike the deposition of the pharmacist, the deposition of the police officer who arrested
Smith was before the trial court at the time of the summary judgment hearing on Smith's claim of false
imprisonment. That deposition shows that the officer spoke with Dr. Sneed before arresting Smith, but
does not state that Sneed directed the police officer to arrest Smith.

 "Under Texas law, a private citizen does not incur liability simply because he mistakenly
informs the police that the suspect has committed a crime . . . . Rather, the citizen must actually direct the
police to make the arrest." Halbert, 33 F.3d at 528 (citing Armstead v. Escobedo, 488 F.2d 509, 511
(5th Cir. 1974)). The relevant summary judgment evidence in the present case shows that Dr. Sneed simply
told the officer that he had written the prescription for 36 tablets, rather than 360, and that Smith was on
probation for forging another prescription. As a matter of law, this does not constitute directing the police
officer to arrest Smith, but is merely the reporting of what he thought was a crime in progress. We overrule
point of error three.


CONCLUSION

 Having overruled Smith's points of error, we affirm the judgment of the trial court.



 

 J. Woodfin Jones, Justice

Before Justices Powers, Aboussie, and Jones

Affirmed

Filed: January 23, 1997

Publish

 
1. As a result of his arrest on October 8, Smith was again arrested on October 16, 1992 for violating
his earlier probation. Probation revocation proceedings were commenced and Smith was again
incarcerated for 14 days.
2. In his original petition, filed October 7, 1994, Smith alleged malicious prosecution, negligence, and
false imprisonment, but later dropped the malicious prosecution claim in an amended pleading. Before
granting summary judgment, the trial court granted Smith leave to amend his petition to again allege
malicious prosecution. Smith did not do so, apparently because the statute of limitations had expired. See
Tex. Civ. Prac. & Rem. Code Ann. §16.002 (West Supp. 1997); Patrick v. Howard, 904 S.W.2d 941,
944 (Tex. App.--Austin 1995, no writ) (one-year limitations period for malicious prosecution begins to
run upon termination of criminal prosecution).
3. This policy is further evinced by the Texas Family Code, which provides that a person who reports
the abuse or neglect of a child in good faith is immune from civil and criminal liability, and a person who
reports the abuse or neglect of a child in bad faith or with a malicious purpose is not immune from liability. 
See Tex. Fam. Code Ann. § 261.106(a)-(c) (West 1996).



 the Wal-Mart pharmacist who detained
Smith. Although Zamutt's testimony arguably indicates that Sneed requested him to have Smith arrested,
the pharmacist's deposition was not before the trial court at the first summary judgment hearing on Smith's
false imprisonment claim, nor when the trial court granted partial summary judgment on that claim. In fact,
Zamutt's deposition had not even been taken when Sneed's first summary judgment hearing was held. 
Zamutt's deposition was taken prior to the hearing on Sneed's second motion for summary judgment, but
Smith never filed a motion to reconsider the partial summary judgment on Smith's false imprisonment claim. 
An appellate court may consider only the record as it properly appeared when the summary judgment
motion was heard. See Oden v. Marrs, 880 S.W.2d 451, 454 (Tex. App.--Texarkana 1994, no writ);
Nicholson v. Memorial Hosp. System, 722 S.W.2d 746, 749 (Tex. App.--Houston [14th Dist.] 1986,
writ ref'd n.r.e.). The deposition of the Wal-Mart pharmacist was not part of the record before the trial
court at the time of the first summary judgment hearing and thus cannot be considered in this appeal. See
id.

 Unlike the deposition of the pharmacist, the deposition of the police officer who arrested
Smith was before the trial court at the time of the summary judgment hearing on Smith's claim of false
imprisonment. That deposition shows that the officer spoke with Dr. Sneed before arresting Smith, but
does not state that Sneed directed the police officer to arrest Smith.

 "Under Texas law, a private citizen does not incur l